UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN MARSHALL,

      Plaintiff,                        Case No. 07-11689

vs.                                  JUDGE DAVID LAWSON
                                      MAGISTRATE JUDGE STEVEN D. PEPE

CITY OF RIVERVIEW

      Defendants.
_____/

**REPORT AND RECOMMENDATION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT(DKT. # 14)**

On April 16, 2007, Plaintiff, Brian Marshall, filed a complaint against Defendant, City of Riverview, alleging on March 13, 2005, for violation of his Fourth Amendment rights when Police Officers, employed by the City of Riverview, detained, searched and frisked Plaintiff in front of his neighbors without consent (Dkt. # 1, p. 4). Plaintiff also filed motions to proceed *in forma pauperis* and for appointment of counsel (Dkt. # 2 & 3). On April 23, 2007, this matter was referred to the undersigned for general case management pursuant to 28 U.S.C. § 636(b) (Dkt. # 4). On May 17, 2007, Plaintiff's motion to proceed *in forma pauperis* was granted, and the request for appointment of counsel was denied (Dkt. # 5).

On October 29, 2007, Defendant filed a motion to dismiss or alternatively for summary judgment (Dkt. # 14) to which Plaintiff replied on November 6, 2007 (Dkt. # 16). For the reasons discussed below, **IT IS RECOMMEND ED** that Defendant's motion to dismiss be **GRANTED**.

**I.    BACKGROUND**

On March 13, 2005, Plaintiff, called the Riverview Police Department stating that he was being followed by two unknown vehicles, possibly on account of his employment[1] (Dkt. # 14, p. 7, Dkt. # 1, p. 4). During this phone call, Lt. Klaft, of the Riverview Police Department, instructed Plaintiff to drive to the police station. Instead, Plaintiff turned into a nearby apartment complex with the two vehicles still following him. Riverview Officer Thomas McClendon, who was at the apartment complex dealing with a locked out vehicle, located Plaintiff and the two vehicles following him (Dkt. # 14, Ex. 1). All three vehicles pulled over after observing Officer McClendon.

Officer McClendon recognized Renee Amidon who had been driving the third car and Jeremy Amidon who had been driving the second car.

Officer McClendon allegedly approached Plaintiff, who was sitting in the driver's seat of a silver SUV talking on his cell phone with Lt. Klaft. Another officer, Sgt. Willie Matthews, subsequently arrived at the scene.[2] Jeremy Amidon informed the officers that he followed Plaintiff to determine his address and provide it to both the Taylor and Southgate police because he believed Plaintiff had some friends "jump him." Mr. Amidon also stated that he believed Plaintiff provided marijuana to his fourteen year old sister.

To this point, the facts are uncontroverted. There is a dispute whether Plaintiff, upon overhearing Mr. Amidon's statements to the police, gave the officers permission to search his

---

[1] Plaintiff works as a parole officer (Dkt. # 1, p. 4)

[2] Upon arriving on the scene, Officer Matthews noted that he also recognized Ms. Amidon (Dkt. 14, Ex. 1)

vehicle.[3] There is also dispute as to whether Sergeant Matthews was at the scene when Plaintiff was ordered out of his vehicle. Upon frisking Plaintiff no weapons were found. No illegal substances were found in Plaintiff's vehicle (Dkt. # 14, Ex. 1).

The officers released Plaintiff with no charges. Both Plaintiff and Jeremy were advised on how to obtain a personal protective order against the other person. They detained Jeremy and Renee Amidon for a time so that Plaintiff could not be followed.

## II. ANALYSIS

### A. Standards Of Review

Motions to dismiss are governed by Rule 12(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b). Rule 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Prior to last year's cases of *Bell Atlantic Corp. v. Twombly,* 550 U.S. ----, 127 S.Ct. 1955, 1965 (2007), and *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007), "the accepted rule" of pleading sufficiency was stated in *Conley v. Gibson*, 355 U.S. 41, 46 (1957), which stated "that a complaint should not be dismissed for failure to state a claim unless *it appears beyond doubt* that the plaintiff can *prove no set of facts* in support of his claim which would entitle him to relief." (Emphasis supplied.). *Twombly* notes that under a "literal reading of *Conley*'s 'no set of facts' standard, a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Twombly* 127 S.Ct. 1955, 1968

---

[3] Officers McClendon and Matthews both claim that Plaintiff granted permission for his vehicle to be searched (Dkt. # 14, Ex. 1). Plaintiff claims otherwise (Dkt. # 14), and has procured affidavits from Jeremy Amidon and Renee Bakhaus (possibly Renee Amidon reference in the police reports) stating that Plaintiff never gave consent to have his vehicle searched by Officer McClendon (Dkt. # 16, Ex. 1)

(2007). *Twombly* rejects this literal reading of *Conley* and required that pleadings state sufficient facts to show not just a possible, but a "plausible" claim of relief. Instead of the 'no set of facts' standard of *Conley, Twombly* endorsed the standard that a complaint be plausible to the extent that from the facts alleged there is a " 'reasonably founded hope' " that a plaintiff would be able to make a case," citing *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336, 347 (2005) and its quote from *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 741(1975). Consistent with this clarification by *Twombly*, the Sixth Circuit has earlier noted that "[i]t is not enough for a complaint under §1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit,* 808 F.2d 459, 465 (6th Cir.1986); "A judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995). While in deciding a motion under that Rule, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true" *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir.1996), the court is not required to accept as true alleged legal conclusions or unwarranted factual inferences. *Gregory v. Shelby County,* 220 F.3d 433, 446 (6th Cir. 2000); *see also Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987).

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993). As noted above, however, "while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Ibid.* "In practice, 'a ... complaint must contain either direct or inferential allegations respecting all the

4

material elements to sustain a recovery under *some* viable legal theory.' " *In re DeLorean,* 991 F.2d at 1240 (emphasis in original) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988)).

**B.    Factual Analysis**

**1.    *Municipal Liability***

*Monell v. Dept. of Social Services*, 436 U.S. 658, 690-91 (1978), held that local governments may be sued for damages, as well as declaratory and injunctive relief, whenever the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Moreover. . . local governments . . . may be sued for constitutional deprivations caused by governmental 'custom,' even though such a custom has not received formal approval through the body's decision making channels.

*Monell* rejects government liability based on the doctrine of *respondeat superior*. Thus, a government body cannot be held liable under § 1983 merely because it employs a tortfeasor. 436 U.S. at 691-92. *See also Smedley v. Corrections Corporation of America*, No. 04-5113, 2005 WL 3475806, at *2, *3 (10th Cir. 2005) (not reported) ("While it is quite clear that *Monell* itself applied to municipal governments and not private entities acting under color of state law, it is now well settled that *Monell* also extends to private defendants sued under § 1983"). *See e.g., Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (collecting circuit court cases). Regardless of whether the policy or custom was made by the municipality's lawmakers or by others who were authorized to represent official policy, municipal liability attaches when execution of a governmental policy or custom inflicts the injury that is the subject of the

5

complaint. *See Powers v. Hamilton County Public Defender Com'n*, 501 F.3d 592 (6th Cir. 2007) (municipal liability under § 1983 cannot be based upon *respondeat superior*). *See also Turner v. City of Grand Rapids*, 2006 WL 3077518 (Mich. App. 2006).

Plaintiff's complaint fails to allege any facts that identify any specific municipal policy authorizing or condoning any unconstitutional behavior related to searches of persons stopped or requesting law enforcement investigation. While Plaintiff's response asserts he "*will* (emphasis is original) identify a non-written objectionable policy that caused Plaintiff's particular injury from the execution of that policy," his complaint does not allege this and is fatally deficient (Dkt. # 16, p. 4).[4]

## III.   RECOMMENDATION

Accordingly for the reasons stated above, **IT IS RECOMMENDED** that Defendant's motion to dismiss be **GRANTED**. The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*, 231, 829 F.2d 1370,1373

---

[4] Discovery closed on this case September 27, 2007, thus even if dismissal is not granted under Rule 12(b)(6) it would be subject to a judgment for Defendant under Rule 56.

(6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Date: January 9, 2008　　　　　　　　　　　　　s/Steven D. Pepe
Ann Arbor, Michigan　　　　　　　　　　　　　United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Report and Recommendation* was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 14, 2008.

　　　　　　　　　　　　　　　　　　　　　　s/ Alissa Greer
　　　　　　　　　　　　　　　　　　　　　　Case Manager to Magistrate
　　　　　　　　　　　　　　　　　　　　　　Judge Steven D. Pepe
　　　　　　　　　　　　　　　　　　　　　　(734) 741-2298